THOMPSON v. CURTIS.

An appeal from a judgment by *nil dicit,* rendered by a Justice of the Peace is sustainable without a motion and refusal to set aside the judgment.

WASH, J., delivered the opinion of the Court.

At the last term of this Court a conditional mandamus was obtained by Thompson, directing the Judge of the Circuit Court for the county of Ray, in the first Judicial District, to reinstate a certain appeal between Cyrus Curtis, surviving partner of Ely & Curtis, appellee, and the said William P. Thompson, appellant, which at the last March term of the said Circuit Court had been dismissed from the docket of said Court, or to signify the cause why the same could not be done. The Circuit Court refused to reinstate the appeal, and returned for reason wherefore amongst other things, the judgment of the Justice of the Peace, in the words following:

"This day came the parties aforesaid, and the defendant saying nothing why judgment ought not to go against him, it is considered that the plaintiff have judgment against the defendant for principal and interest, thirty-two dollars 31 1-4 cents."— That Thompson had appealed from said judgment to said Circuit Court, and that Curtis, the appellee, at the March term of said Court, had moved to have the appeal dismissed, on the ground that the same had been granted by the Justice of the Peace against law, which motion of the appellee to dismiss was sustained, on the authority of the proviso to the 22d section of the act relating to Justices' Courts [1 vol. *Dig.*, p. 481,] which provides, "that no appeal shall be allowed in any case where the judgment shall have been rendered by default, or of non-suit, unless the Justice of the Peace shall first have refused to grant the party aggrieved a new trial, if the same be applied for within twenty days from the rendition of judgment." It not appear-

ing that any motion or application was made to the Justice for a new trial. It is contended that the judgment of the Justice is a judgment by default; strictly speaking, it is so. It is a judgment by *nil dicit,* which is one description of default. But the 12th section of the same act, [*Digest,* p. 176,] shows that the judgment by default contemplated in the statute, is one taken for want of appearance. In the case under consideration the record of the Justice shows that the defendant did appear, and it was not necessary, to entitle himself to an appeal, to move for a new trial, and the Circuit Court erred in dismissing the appeal; and it is adjudged that a peremptory mandamus go from this Court, commanding said Circuit Court to reinstate said appeal, and proceed to hear and determine the same according to law.